## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

ROYAL CARIBBEAN CRUISES LTD., a
foreign corporation, doing business as ROYAL
CARIBBEAN INTERNATIONAL,

     Plaintiff,

v.

CAPITAL JAZZ, INC., a foreign corporation,

    Defendant.

Case No.:

Jury Trial Demand

## **COMPLAINT**

Plaintiff Royal Caribbean Cruises Ltd., doing business as Royal Caribbean International ("Royal Caribbean International" or "Plaintiff") sues Defendant Capital Jazz, Inc. ("Capital Jazz" or "Defendant"), and alleges as follows:

### JURISDICTION, VENUE, AND PARTIES

1.      Royal Caribbean International is a global cruise corporation organized and existing under the laws of Liberia, with its principal place of business at 1050 Caribbean Way, Miami, Florida 33132.

2.      Capital Jazz is a corporation organized and existing under the laws of the State of Maryland, with its principal place of business at 5907 Clifton Oaks Dr., Clarksville, Maryland 21029.

3.      This Court has subject matter jurisdiction over the claims for relief in this Complaint pursuant to 28 U.S.C. § 1332(a)(1), because it is an action where the matter in controversy exceeds $75,000.00, exclusive of interest and costs, and is between citizens of different states.

1

4.      This Court has personal jurisdiction over Capital Jazz pursuant to Section 48.193(1)(a), Florida Statutes, because Capital Jazz, among other things:

    a.   Breached a contract in this state by failing to perform acts required by the contract to be performed in this state;

    b.   Entered into a contract by which Capital Jazz consented to jurisdiction in this state and in this District; and

    c.   Operated, conducted, engaged in, or carried on a business or business venture in Florida.

5.      This Court also has personal jurisdiction over Capital Jazz pursuant to Section 48.193(2), Florida Statutes, because, among other things, Capital Jazz engaged in substantial and not isolated activity in Florida.

6.      Based on the foregoing conduct, the exercise of personal jurisdiction over Capital Jazz satisfies traditional notions of fair play and substantial justice under the Fourteenth Amendment of the United States Constitution.

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims occurred in this District. Moreover, Capital Jazz consented to venue in this District for any proceeding seeking to enforce a provision of the contract between Royal Caribbean International and Capital Jazz, as well as any proceeding based on any right arising out of said contract.

## GENERAL ALLEGATIONS

8.      On or about September 22, 2021, Royal Caribbean International and Capital Jazz executed a Guest Accommodations Purchase and Resale Agreement, effective as of September 20, 2021 (the "SuperCruise Agreement") for a seven-night voyage of the M/V *Voyager of the Seas*,

2

beginning on January 15, 2023 (the "SuperCruise"). A true and correct copy of the SuperCruise Agreement is attached as **Exhibit A**.

9.    Pursuant to the SuperCruise Agreement, Capital Jazz reserved every one of the guest staterooms available on the M/V *Voyager of the Seas* for the SuperCruise, with the exception of ▆ double occupancy guest staterooms reserved for ▆▆▆▆▆▆▆▆▆▆▆▆ ▆▆▆▆▆▆▆▆. *See* **Exhibit A**, at §§ 1.1, 1.2.

10.    In order to purchase all available guest accommodations, Capital Jazz agreed to pay Royal Caribbean International a fee of ▆▆▆▆▆ (the "Guaranteed Accommodation Amount"). *See id.*, at § 3.1.1.

11.    In addition to the Guaranteed Accommodation Amount, Capital Jazz contractually guaranteed at least ▆▆▆▆ of onboard revenue to Royal Caribbean International during the SuperCruise. *See id.,* at § 3.2.1.

12.    Specifically, the SuperCruise Agreement states:



*Id.* (emphasis in original).

13.    Additionally, Royal Caribbean International agreed to provide Capital Jazz with a ▆▆▆▆▆ to the Guaranteed Onboard Revenue amount ▆▆▆▆▆▆▆▆ ▆▆▆.

14.    As a result ▆▆▆▆▆, Capital Jazz guaranteed at least ▆▆▆▆ of

onboard revenue to Royal Caribbean International during the SuperCruise.

15.     The  SuperCruise  Agreement  states  that  the  ███████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

███████████████████. *See id.*, at § 3.2.3 (emphasis added).

16.     The SuperCruise took place, as scheduled, between January 15, 2023, and January 22, 2023.

17.     The SuperCruise generated an actual net onboard revenue of ████████, leaving a difference of ████████ between the discounted Guaranteed Onboard Revenue and the Actual Onboard Revenue (the "Shortfall").

18.     After  deducting  ██████  ████████████, and ████████████ to the Shortfall, the total amount due to Royal Caribbean International from Capital Jazz under the SuperCruise Agreement amounted to ████████.

19.     On  or  about  February  23,  2023,  pursuant  to  §  3.2.2(b)  of  the  SuperCruise Agreement, Royal Caribbean International provided Capital Jazz with the ANOR Report, which memorialized the ANOR generated during the SuperCruise, as well as highlighted the Shortfall and the ████████ due to Royal Caribbean International from Capital Jazz. *See id.*, at § 3.2.2(b). A true and correct copy of the ANOR Report is attached as **Exhibit B**.

20.     The ███████ was due within 30 days after the receipt of the ANOR Report by Capital Jazz. *See* Ex. A, at § 3.2.1.

21.     On or about March 20, 2023, Clifford Hunte ("Mr. Hunte"), the owner and CEO of Capital Jazz, sent an email to Royal Caribbean International representatives indicating that he was disputing the amounts in the ANOR Report. Mr. Hunte's email did not identify what he was disputing, whether it be the ANOR or otherwise.

22.     Notwithstanding Mr. Hunte's "dispute," Capital Jazz failed to exercise its right to a ███████████████ pursuant to the SuperCruise Agreement. As a result, it waived any right to challenge the amount due to Royal Caribbean and became obligated to pay Royal Caribbean International the ████████.

23.     Capital Jazz materially breached the SuperCruise Agreement by failing to pay Royal Caribbean the ████████.

24.     Royal Caribbean International has satisfied all the applicable terms, conditions, and other requirements of the SuperCruise Agreement, as well as all conditions precedent prior to the filing of this lawsuit. Alternatively, compliance with the applicable terms, conditions, and other requirements, in whole or in part, has been waived, excused, or is unnecessary for other reasons.

25.     Royal Caribbean International has retained the law firm of Sanchez Fischer Levine, LLP, to represent Royal Caribbean International in this action and has agreed to pay reasonable attorney's fees, plus all expenses incurred, for its services.

## CLAIM FOR RELIEF

## COUNT I –BREACH OF CONTRACT

26.     Royal Caribbean International re-alleges and incorporates paragraphs 1-25 as if fully set forth herein, and further alleges:

27.     Royal Caribbean International and Capital Jazz entered into the SuperCruise Agreement, a true and correct copy of which is attached as **Exhibit A**.

28.     Royal Caribbean International has, to date, performed all of its obligations under the SuperCruise Agreement.

29.     Pursuant to § 3.2.1 of the SuperCruise Agreement, Capital Jazz guaranteed that the ANOR generated during the SuperCruise would equal or exceed ███████. *See* Ex. A, at § 3.2.1.

30.     If the ANOR did not equal or exceed ███████, Capital Jazz agreed to pay Royal Caribbean International the difference between the Guaranteed Onboard Revenue Amount and the ANOR generated during the SuperCruise. *Id.*

31.     The SuperCruise generated ███████ of ANOR.

32.     After deducting ████, ███████████, and ███████ to the Shortfall, the total amount due to Royal Caribbean International from Capital Jazz is ███████.

33.     Capital Jazz has materially breached the SuperCruise Agreement, including § 3.2.1, by failing to pay Royal Caribbean International the difference between the Guaranteed Onboard Revenue Amount and the ANOR generated during the SuperCruise.

34.     As a result of Capital Jazz's material breach of the SuperCruise Agreement, Royal Caribbean International has suffered monetary damages in the form of, among other things, the lost onboard revenue owed under the SuperCruise Agreement.

35.     Pursuant to Section 25.4 of the SuperCruise Agreement, Royal Caribbean International is entitled to its prevailing party attorney's fees and costs incurred in this litigation.

**WHEREFORE**, Royal Caribbean International demands judgment against Capital Jazz, monetary damages, interest as allowed by law, attorneys' fees and costs under Section 25.4 of the

SuperCruise Agreement, and any other relief this Court deems just and appropriate.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff Royal Caribbean International hereby demands a trial by jury on all issues and claims so triable.

Dated: July 10, 2023

**SANCHEZ FISCHER LEVINE, LLP**
1200 Brickell Avenue, Ste. 750
Miami, Florida 33131
Telephone: (305) 925-9947

By: */s/ David M. Levine*
David M. Levine, Esq.
Florida Bar No.: 84431
Email: dlevine@sfl-law.com
Secondary: eservice@sfl-law.com
Fausto Sanchez, Esq.
Florida Bar No.: 86229
Email: fsanchez@sfl-law.com
Spencer Mark Thompson, Esq.
Florida Bar No.: 1030997
Email: sthompson@sfl-law.com
*Counsel for Royal Caribbean Cruises Ltd.*